## Reburial of Veterans

LEHRMAN, Deputy Attorney General, April 30, 1948.—You request advice concerning the payment of funeral expenses for reburial of returned deceased veterans who died overseas. In addition, you desire to be advised whether it is mandatory upon the county commissioners to place a marker upon the family plot of the deceased service person in the event the body is not returned to the United States for reburial.

Since your request involves counties it is necessary to review the existing legislation pertaining to all classes of counties on this subject. This is contained in The First Class County Law which pertains to counties of the first class and The General County Law which pertains to counties of the second, third, fourth, fifth, sixth, seventh and eighth classes. We will answer your questions in the order you have presented them.

The General County Law of May 2, 1929, P. L. 1278, sec. 421, as last amended by the Act of April 10, 1945, P. L. 178, and section 422, as last amended by the Act of May 21, 1943, P. L. 286, 16 PS §§421 and 422, provide in part as follows:

"421. Definitions.

"The term 'deceased service persons', as used in this act, shall be defined and construed to mean and include:

"(1) Any deceased person who, at the time of his or her death, was serving (whether or not in a combat zone) in the Army, Navy, Marine Corps, Coast Guard, or any women's organization officially connected therewith, during any war in which the United States has been, is now or shall hereafter be engaged, or who, at the time of his or her death, was serving in a zone where a campaign or state or condition of war then existed, in which the United States was, is or shall be a participant.

.    .    .    .    .    .    .    .

"The term 'legal residence' as used in this act, shall be construed as synonymous with 'domicile' and is hereby defined as actual residence, coupled with intention that it shall be permanent, or a residence presently fixed with no definite intention of changing it, or of returning to a former residence at some future period. Legal residence is to be determined by abode of person and his or her intention to abandon his or her former domicile and establish a new one. The legal residence

of a deceased service person shall be prima facie in the county where he or she made his or her abode at the time of his or her death."

"422. Sum to be spent.

"The county commissioners of each county are hereby authorized and directed to contribute the sum of seventy-five dollars ($75) towards the funeral expenses of each deceased service person in the cases enumerated below, where in each case application therefor is made within one year after the date of his or her death, and where the total expenses of the funeral does not exceed four hundred dollars ($400.00) : Provided, That in the case of any deceased service person who died while in the service, application need not be made within one year after the date of his or her death, but may be made at any time thereafter. Payments shall be made under the following circumstances:

"(1) Where the deceased service person at the time of his or her death had his or her legal residence in the county, and whether or not he or she died in the county, and whether or not he or she was buried in the county. It is hereby declared to be the intent of the General Assembly that every deceased service person having a legal residence in this Commonwealth at the time of his or her death shall be entitled to the benefits of this section, regardless of where he or she may have died or where he or she may be buried, and that the liability therefor shall be on the county, where such deceased service person shall have had his or her legal residence at the time of his or her death."

The same amendments were inserted in The First Class County Law, being sections 1 and 2 of the Act of June 11, 1935, P. L. 326, as last amended by the Act of May 21, 1943, P. L. 294, 16 PS §§2118 and 2119. The language in both acts is identical with

reference to this subject. The county commissioners of all counties are directed to contribute the sum of "seventy-five dollars ($75) towards the funeral expenses of each deceased service person in the cases enumerated below".

Subparagraph (1) of section 422 of The General County Law which corresponds with subparagraph (1) of section 2 of The First Class County Law sets out in no uncertain language a clear intention of the legislature to cause to be paid the funeral expenses of deceased service persons. The appropriate language of that section reads:

". . . every deceased service person . . . shall be entitled . . . regardless of where he or she may . . . be buried, . . ."

Obviously, this language was not meant to exclude the situation where a body is returned to the States. A duty is imposed upon the commissioners to defray a portion of the funeral expenses.

This conclusion is fortified by reading the remaining portion of section 422 of The General County Law and section 2 of The First Class County Law which waives the necessity of making a claim for such reimbursement within a year after the date of death if the deceased service person died in the service. Certainly this act meant to apply to soldiers who died away from home, whose dependents did not have the opportunity of obtaining the body until the hostilities had ceased. To construe these sections of the act otherwise would not, in our opinion, carry out the desires of the families of deceased veterans to have the remains of their kin returned to their homes.

Your second question pertains to the duty of county commissioners to place a marker upon the family plot of the deceased service person in the event the body is not returned to the United States for burial.

The third paragraph of section 426 of the Act of May 2, 1929, P. L. 1278, as last amended by the Act of April 24, 1947, P. L. 66, reads in part as follows:

"It shall also be the duty of the county commissioners of each county in this State, . . . to cause a headstone or bronze memorial tablet to be placed at the head of or on the grave of each such deceased service person. Such headstone shall contain his or her name. . . . In the event the body of any deceased service person, either cannot be or will not be returned to the United States of America, it shall be the duty of the county commissioners to cause a headstone to be placed in the family plot of such deceased service person. Said headstone shall have inscribed thereon, (a) the name, rank and organization of such deceased service person, (b) the name of the country, location or manner in which such person lost his or her life, and (c) the cemetery or location in which the body, if buried, was finally laid to rest. . . . Provided, however, That the expense shall not exceed the sum of seventy-five dollars ($75) for each headstone. . . ."

This language is identical to that contained in the third paragraph of section 5 of the Act of June 11, 1935, P. L. 326, as last amended by the Act of April 24, 1947, P. L. 64. This language is self-explanatory and needs no further interpretation. A duty is imposed upon the counties to place markers or headstones in accordance with the provisions of said act.

It is our opinion, and you are therefore advised, that counties in Pennsylvania are required to reimburse up to $75 for funeral expenses incurred for the reburial of any deceased service person who was buried overseas and returned to Pennsylvania for reburial. Furthermore, if the body of the deceased service person is not returned, there is a duty imposed upon the various counties to have placed a headstone or marker in the family plot of the deceased service person.